**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William H Mallery, IV, | No. CV-15-08305-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Sally Jewell, | |
| Defendant. | |

On December 21, 2015, Plaintiff William H. Mallery, IV, a Park Ranger with the National Park Service ("NPS"), initiated this action by filing a complaint alleging that the NPS violated his rights under the Family Medical Leave Act ("FMLA"). Doc. 1. Defendant Sally Jewell, the Secretary of the Interior, moves to dismiss the action for want of subject matter jurisdiction, or, in the alternative, for failure to perfect service of process. Doc. 7. The motion has been fully briefed (Docs. 9, 11), and no party requests oral argument. The Court will grant the motion and dismiss without leave to amend.

Mallery is a federal civil service employee with more than twelve months of service. *See* Doc. 1, ¶ 6 (alleging that Mallery began his employment with the NPS in June 2011). As such, his rights with respect to family and medical leave are governed by Title II of the FMLA. *See Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1018 (9th Cir. 1999); 5 U.S.C. § 6381(1)(a) (defining "employee" for purposes of Title II); § 6382 (leave requirements for Title II employees).

The Ninth Circuit has previously considered "whether federal employees covered by Title II of the [FMLA] may bring suit for violations of its provisions." *Russell*, 191 F.3d at 1018. The court noted that Title II of the FMLA – unlike Title I of the statute – did not provide a statutory right of action and did not otherwise waive the federal government's sovereign immunity. *Id.* at 1019. The court determined that review was not available under the Administrative Procedure Act ("APA"), finding that the Civil Service Reform Act preempted the APA's judicial review provision in this context. *Id.* The Court therefore concluded that the federal employee's "claims under Title II of the [FMLA were] barred by sovereign immunity and preempted by the Civil Service Reform Act." *Id.* at 1020.

The Ninth Circuit reaffirmed this conclusion in *Johnson v. Departments of Army & Air Force*, upholding the dismissal of an FMLA claim brought by a federal employee with more than twelve months of service. 465 F. App'x 644, 645 (9th Cir. 2012) ("The district court properly dismissed Johnson's claims under [the FMLA] because Johnson did not have a private right of action.") (citing *Russell*, 191 F.3d at 1018-19). Other courts in this circuit have applied *Russell* to dismiss FMLA claims brought by federal civil service employees. *See, e.g., Berg v. McHugh*, No. 15-cv-02227-JSC, 2015 U.S. Dist. LEXIS 168418, at *25 (N.D. Cal. Dec. 16, 2015); *Ibrahim v. Def. Language Inst. Foreign Language Ctr.*, No. 15-cv-00336-PSG, 2015 U.S. Dist. LEXIS 157320, at *6 (N.D. Cal. Nov. 18, 2015). Thus, although federal employees like Mallery have rights under the FMLA, they cannot enforce these rights in federal court.[1]

Mallery contends that the government has abdicated its duty under 5 U.S.C. § 6387 to establish regulations implementing Title II. Doc. 9 at 1. He argues that this abdication leaves him without a remedy, and that the Court should supply one. *Id.* at 1-2. In fact, the government has established regulations implementing Title II. *See* 5 C.F.R. §§ 630.1201-630.1213. But even if it were otherwise, the Court would remain without

---

[1] Mallery argues that *Russell* was meant to be limited in temporal scope (Doc. 9 at 1), but nothing in the case supports that reading, and other courts have not found it to be so limited.

- 2 -

jurisdiction to hear individual cases under Title II of the FMLA because Congress has not conferred such jurisdiction.

Mallery asks the Court to grant leave to amend. Doc. 9 at 2. He believes that he may be able to substitute his managers for Secretary Jewell under *Graziadio v. Culinary Institute of America*, 817 F.3d 415 (2d Cir. 2016). But it is well established that "[t]he bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949)). *Graziadio* does not contradict this rule, as the defendant there was a private company, not a federal officer or employee. Because it is clear on the face of the complaint that Mallery is a federal civil service employee with more than twelve months of service, and it is clear as a matter of law that such an employee cannot sue to enforce his rights under Title II of the FMLA, the Court will dismiss the matter without leave to amend. *See, e.g., Ibrahim*, 2015 U.S. Dist. LEXIS 157320, at \*6 ("Ibrahim has no private right of action under the FMLA, and his FMLA claims are dismissed with prejudice."); *Taylor v. Donley*, No. CIV S-08-0869 JAM DAD PS, 2010 U.S. Dist. LEXIS 21780, at \*15 (E.D. Cal. Mar. 10, 2010) ("In the absence of a waiver of sovereign immunity for Title II employees, plaintiff's FMLA claims are barred by sovereign immunity and should be dismissed [with prejudice].").

Mallery obviously believes that his rights have been violated and that it would be unfair for the Court to withhold a remedy. But as the Supreme Court has repeatedly explained, "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). No provision of the Constitution and no statute authorizes the Court to enforce federal civil service employees' right to family and medical leave. The Court must therefore dismiss this matter with prejudice.

**IT IS ORDERED** that the motion to dismiss (Doc. 7) **is granted** without leave to

amend.  The Clerk of the Court shall enter judgment accordingly and **terminate** this case.

Dated this 10th day of June, 2016.

*David G. Campbell*
David G. Campbell
United States District Judge